IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>v.<br><br>**RICKY J. BRADEN,**<br><br>    Defendant. | No. 24-03136-01-CR-S-MDH |

### UNITED STATES' MOTION FOR PRETRIAL DETENTION AND FOR A HEARING PURSUANT TO 18 U.S.C. § 3142(e) and (f)

The United States of America, through Teresa A. Moore, United States Attorney for the Western District of Missouri, and by the undersigned Assistant United States Attorney requests pretrial detention and a detention hearing pursuant to 18 U.S.C. § 3142(f)(1)(E), and § 3142(f)(2)(A). At this hearing, the evidence will demonstrate that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community.

### Supporting Suggestions

1. Title 18, United States Code, Section 3142(f)(1)(E) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case is one that involves the possession or use of a firearm, including possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1).

2. The statute recognizes two additional situations which allow for a detention

hearing, and which can be raised either by the attorney for the Government or by a judicial officer. These conditions are:

      a.      When there is a serious risk that the defendant will flee; or,

      b.      When there is a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A) and (B).

      3.      One or more grounds for pretrial detention and a pretrial detention hearing as set forth by the statute exists in the above cause, to wit: this matter involves possession of a firearm by a prohibited person. Further, there is a serious risk that the defendant's release will present a substantial risk to the community.

      4.      Moreover, the nature and circumstances of the charged offense, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, each demonstrate that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) that will reasonably assure the appearance of the defendant as required and the safety of other persons and the community. In assessing danger to the community, the inquiry is not limited only to the risk of physical violence but can also include the danger of continued criminal activity. *See United States v. Tortora*, 922 F.2d. 880 (1st Cir. 1990).

      5.      The Government is aware of the following evidence:

      a.      In relation to the nature and circumstances of the offense charged, on December 10, 2024, a grand jury returned an Indictment charging the defendant with possession of a firearm by a felon.

      b.      In relation to the weight of the evidence supporting the charge in the

Indictment:

On August 8, 2022, the Springfield, Missouri, Police Department ("SPD") responded to a residence in Springfield, Greene County, Western District of Missouri, in response to a call that an individual fired shots at the caller. The reporting party, who was working on the roof of the residence at the request of the landlord, indicated that Ricky BRADEN came outside and pointed a handgun at the reporting party and his coworker. BRADEN demanded they get off his property, so they started to do so. The reporting party said that BRADEN pointed the handgun at a female on the property, later identified as BRADEN's wife, who was in a Tahoe on the property, and then the reporting party heard two rounds being fired from the gun. The reporting party saw a gun hanging out of BRADEN's pocket. He and his coworkers left the scene.

When SPD arrived, they staged initially to determine what had occurred. While on scene, an officer observed BRADEN exit the residence and began travelling west through backyards. BRADEN was contacted in the backyard of a separate residence. BRADEN walked out from behind a bush and was holding a child in front of him. BRADEN was mostly uncooperative with officer's commands, but officers were eventually able to detain BRADEN without incident. When officers contacted BRADEN, he took multiple items of his pants pocket and dropped them on the ground. Among those items was a set of brass knuckles.

An SPD officer entered BRADEN's residence to conduct a safety sweep. While inside the home, he observed several safes in the home and a loaded Glock magazine on a table in the kitchen. While outside, he located four shell casings around the vehicle parked on the property, and a black knife on the ground between a black Silverado truck and the maroon Tahoe. A black Dodge Dart on the property appeared to have several bullet holes in the front passenger door, and one in the windshield. He saw a shell casing in the front seat of the Silverado. He saw an AR15 on the passenger floorboard of a white Chevy truck. A gunshot residue ("GSR") kit was conducted on BRADEN.

SPD executed a state search warrant on BRADEN's home. They determined that the black Chevrolet Silverado was registered to BRADEN. The black Dodge Dart belonged to BRADEN's wife. Also on the property was the maroon Chevrolet Tahoe and a white Chevrolet 3500. During the search, a Stag AR-15 was located in the front passenger floorboard of the white Chevrolet 3500. There was also a box of magazine and gun accessories in the passenger seat, and a receipt of the purchase made by BRADEN. Nothing of note was located in the Tahoe or the Dart. Upon searching the Chevrolet Silverado, officers located a black .40 caliber firearm in the driver's floorboard. Spent shell casings were also found by the seat of the vehicle. In the back, officers found a shoe box that contained a semiautomatic 9mm gun, and a stolen revolver. Inside the box, there was also an envelope that had paperwork documenting BRADEN's son's visit to Jordan

Valley with his name on it. The glovebox also had title information with BRADEN's name on it, and the back windshield with "Braden" written on the glass. All of the guns were loaded when officers located them.

A loaded magazine was recovered from the back kitchen counter. The ammunition in the magazine appeared to match the spent shell casings located into the truck, and on the ground. Several other boxes of ammunition were located inside the first east bedroom. During a search of the detached shed, officers located five motorcycles, one of which were stolen.

On October 4, 2022, the lab results from the GSR kit taken from BRADEN were sent to SPD. The lab results determined that there was gunshot reside on BRADEN's hands, indicating that "[t]he presence of gunshot residue on a subject's hands indicates that the subject discharged a firearm, handled an object with gunshot residue on it or was close to a firearm when it was discharged."

      i.      In relation to the history and characteristics of the defendant, the defendant has convictions for tampering with a motor vehicle in the first degree, tampering with a motor vehicle in the first degree, forgery, felony driving while license revoked, and misdemeanor stealing. Further, the defendant has a history of probation and parole revocations.

6.      Given the nature and circumstances of the offenses charged, the weight of the evidence against the defendant, the risk the defendant will fail to appear, and the danger to the community by the defendant's release, the United States submits that there is clear and convincing evidence that there are no conditions that would reasonably assure the defendant's appearance in court or the safety of the victim or community. *See* 18 U.S.C. §3142(f) and §3142(g).

**WHEREFORE**, the United States requests a pretrial detention hearing and that the defendant be detained pending trial.

                Respectfully submitted,

                Teresa A. Moore
                United States Attorney

By    */s/ Stephanie L. Wan*
            Stephanie L. Wan
            Assistant United States Attorney
            Missouri Bar No. 58918
            901 St. Louis Street, Ste. 500
            Springfield, Missouri 65802

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on January 15, 2025, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                */s/ Stephanie L. Wan*
                Stephanie L. Wan
                Assistant United States Attorney